CROWELL & MORING LLP
James E. Kellett, Esq.
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
(212) 223-4000 (Phone)
(212) 223-4134 (Fax)

*Counsel for Defendants Crowell & Moring LLP
and Dibe Perez*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
| | |
|---|---|
| **NYDIA RIVERA,** | |
| **Plaintiff,** | Case No. 14 CV 2774 (TPG) |
| v. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| **CROWELL & MORING LLP and DIBE PEREZ,** | |
| **Defendants.** | |

---------------------------------------------------x

Defendants Crowell & Moring LLP ("Crowell & Moring") and Dibe Perez ("Ms. Perez") answer Plaintiff Nydia Rivera's ("Plaintiff" or "Ms. Rivera") Complaint as follows:

## PARTIES AND NATURE OF ACTION

1.  In response to Paragraph 1 of the Complaint, Defendants acknowledge that Plaintiff has filed this Complaint against Defendants Crowell & Moring and Ms. Perez.

2.  Paragraph 2 of the Complaint is a recitation of the various laws that purportedly apply to this Complaint, and no response is required. To the extent that Paragraph 2 asserts that Defendants have violated any of the cited laws, Defendants deny the allegations contained in Paragraph 2.

3. In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiff worked for Crowell & Moring as a Patent Legal Secretary. Defendants deny the remaining allegations contained in Paragraph 3.

4. Paragraph 4 of the Complaint is a statement regarding the basis for alleged damages sought by Plaintiff, and no response is required. To the extent Paragraph 4 asserts that Plaintiff is owed any damages or that Defendants engaged in the conduct described, Defendants deny the allegations contained in Paragraph 4.

5. Paragraph 5 of the Complaint is a statement regarding the basis for alleged damages sought by Plaintiff, and no response is required. To the extent Paragraph 5 asserts that Plaintiff is owed any damages or that Defendants engaged in the conduct described, Defendants deny the allegations contained in Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements in Paragraph 6 and therefore deny same.

7. In response to Paragraph 7 of the Complaint, Defendants admit that Crowell & Moring is a law firm with offices in cities including Washington, DC and New York, New York.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required to Paragraph 12, Defendants deny the allegations contained in Paragraph 12.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required to Paragraph 13, Defendants deny the allegations contained in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue (Issued on Request) dated March 6, 2014.

## JURY

15. Paragraph 15 of the Complaint is Plaintiff's request for a jury trial, to which no response is required.

## STATEMENT OF FACTS

16. In response to Paragraph 16 of the Complaint, Defendants admit that Plaintiff was hired by Crowell & Moring on April 12, 2010 and that her employment terminated on December 14, 2012. Defendants deny the remaining allegations contained in Paragraph 16.

17. In response to Paragraph 17 of the Complaint, Defendants admit that Plaintiff was directly supervised by Ms. Perez. Defendants deny the remaining allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff believed and therefore deny same and deny the remaining allegations contained in Paragraph 26 and aver that Crowell & Moring has a Non-Discrimination and Non-Harassment Policy that encourages employees to report any concerns regarding harassment or discrimination to either the firm's Chief Human Resources Officer or the firm's Managing Partner.

27. In response to Paragraph 27 of the Complaint, Defendants admit that Ms. Perez spoke with Plaintiff in April 2012 about her minimal remaining All Purpose Leave ("APL") and told Plaintiff that employees were not allowed to take time off without pay after exhausting all of their APL, except for emergency situations. Defendants deny the remaining allegations contained in Paragraph 27 and aver that time away from work that qualifies as leave under the Family Medical Leave Act or any other applicable law is not included in the calculation of leave taken when making a determination to discipline an employee for excessive use of leave.

28. In response to Paragraph 28 of the Complaint, Defendants admit that Ms. Perez had previously approved the APL that Plaintiff had requested from February to August 2012 and that, in April, after Plaintiff had used additional APL for unplanned absences, Ms. Perez

recommended that Plaintiff consider adjusting the APL days she had scheduled for the remainder of the year so that she would have more time available for unexpected absences. Defendants deny knowledge or information sufficient to form a belief regarding Plaintiff's plans to travel and therefore deny same and deny the remaining allegations contained in Paragraph 28.

29. In response to Paragraph 29 of the Complaint, Defendants deny the allegations contained in Paragraph 29 except admit that Ms. Perez said words to the effect that she, Ms. Perez, would like to be able to go to every event that she is invited to, but she is not able to go because she needs to manage her work time and balance her commitments.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendants deny the allegations contained in Paragraph 31 and aver that, during the meeting, Plaintiff said words to the effect that she lives each day and doesn't worry about tomorrow.

32. In response to Paragraph 32 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff's diagnosis was and therefore deny same. Defendants admit that Plaintiff did appear to become ill while at work in January 2012, that Nicole Welch found Plaintiff in the restroom and called the Human Resources Manager Megan Lang, and that Ms. Lang called an ambulance for Plaintiff at her request. Defendants further admit that Plaintiff's absence was recorded as an unplanned absence due to illness in accordance with Crowell & Moring's policies and practices, and aver that this designation was accurate and did not need to be "corrected."

33. In response to Paragraph 33 of the Complaint, Defendants deny the allegations contained in Paragraph 33 except admit that Plaintiff's absence in January 2012 was accurately

recorded as an unplanned absence due to illness in accordance with Crowell & Moring's policies and practices.

34. In response to Paragraph 34 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what, if any, diagnosis Plaintiff received and therefore deny same and deny the remaining allegations contained in Paragraph 34 except admit that Plaintiff submitted a doctor's note on October 4, 2012 regarding her absence from work.

35. In response to Paragraph 35 of the Complaint, Defendants deny the allegations contained in Paragraph 35 except admit that Plaintiff had exhausted all of her available APL by October 4, 2012 and was in leave without pay status during her absence on October 5, 2012.

36. In response to Paragraph 36 of the Complaint, Defendants deny the allegations contained in Paragraph 36 except admit that Plaintiff came to work on October 8, 2014 and that Ms. Perez and Ms. Lang met with Plaintiff on that day and gave her a letter reminding her of their prior discussions with her about managing her APL allocations, advising her that she had exhausted all of her APL as of October 4, 2012 and cautioning her that future absences could result in termination.

37. In response to Paragraph 37 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to how Plaintiff felt and therefore deny same and deny the remaining allegations contained in Paragraph 37 except admit that Plaintiff did submit a doctor's note regarding her absence on October 4th and 5th and did tell Ms. Perez and Ms. Lang that she had missed work for two days because she was ill, and Ms. Perez and Ms. Lang did tell Plaintiff that she had not appropriately managed her APL leave and that Crowell & Moring did not approve additional leave without pay except in emergency situations. Defendants further aver that time away from work that qualifies as leave under the Family Medical Leave Act or

any other applicable law in not included in the calculation of leave taken when making a determination to discipline an employee for excessive use of leave.

38. In response to Paragraph 38 of the Complaint, Defendants admit that Plaintiff's brief illness was not categorized as an emergency pursuant to Crowell & Moring policy and practice.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendants admit that Plaintiff spoke to Andrew Riddles after her meeting with Ms. Perez and Ms. Lang and told him about the meeting and that Mr. Riddles said some words to the effect that her work product was good. Defendants deny the remaining allegations contained in Paragraph 41 concerning the conversation between Plaintiff and Mr. Riddles. Bruce DeRenzi does not recall having a meeting with Plaintiff as described in Paragraph 41 and therefore Defendants cannot admit or deny the allegations in Paragraph 41 concerning a conversation between Plaintiff and Mr. DeRenzi. Defendants deny the remaining allegations contained in Paragraph 41.

42. In response to Paragraph 42 of the Complaint, Defendants admit that on or about October 15, 2012 Plaintiff had a telephone conversation with Ms. Perez and Alyson Guthrie, the Chief Human Resources Officer, and that Plaintiff stated something to the effect that her most recent absence was due to her being sick, that she was being treated by a doctor, and that she took her work seriously and wanted to perform her job well.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required to Paragraph 43, Defendants admit that Ms. Perez and Ms. Guthrie did not tell Plaintiff that her two-day absence could be submitted for FMLA leave.

44. In response to Paragraph 44 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to how Plaintiff felt and therefore deny same and deny the remaining allegations contained in Paragraph 44 except admit that Plaintiff was on short-term disability leave in 2011.

45. In response to Paragraph 45 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to how Plaintiff felt and therefore deny same and deny the remaining allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. In response to Paragraph 48 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to how Plaintiff felt and therefore deny same and deny the remaining allegations contained in Paragraph 48.

49. In response to Paragraph 49 of the Complaint, Defendants deny the allegations contained in Paragraph 49 except admit that Ms. Guthrie said words to the Plaintiff to the effect that Plaintiff looked like she was not feeling well.

50. In response to Paragraph 50 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to how Plaintiff felt and therefore deny same and deny the remaining allegations contained in Paragraph 50 except admit that Ms. Perez went to Plaintiff and asked her if she wanted Ms. Perez to call an ambulance.

51. In response to Paragraph 51 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff wanted, what she decided, or what her doctor told her and therefore deny same and deny the remaining allegations contained in Paragraph 51.

52. In response to Paragraph 52 of the Complaint, Defendants admit that Plaintiff asked if she could obtain a car service, Ms. Perez told Ms. Lang that Plaintiff was feeling ill, Ms. Lang asked Plaintiff if she wanted Ms. Lang to call an ambulance, and Ms. Rivera requested a car service instead, which was ordered by the firm. Defendants deny the remaining allegations contained in Paragraph 52 except admit that Ms. Lang would typically advise any employee who acts quite ill at work that he or she should focus on his or her health and take care of him or herself.

53. Defendants deny the allegations contained in Paragraph 53.

54. In response to Paragraph 54 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what diagnosis Plaintiff received or what her doctor directed and therefore deny same and deny the remaining allegations contained in Paragraph 54 except admit that Defendants received a facsimile from Plaintiff's doctor to the effect that Plaintiff should be excused from work on December 12, 13, and 14, 2012 and return to work on Monday, December 17, 2012, and that a nurse called Ms. Perez and told Ms. Perez that Plaintiff's doctor had told her to stay home from work.

55. In response to Paragraph 55 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff felt and therefore deny same and deny the remaining allegations contained in Paragraph 55.

56. In response to Paragraph 56 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff felt or what may or may not have been said to her by "someone at the firm" and therefore deny same and deny the remaining allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. In response to Paragraph 58 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff felt, what her doctor's instructions were, or what her treatment was and therefore deny same and deny the remaining allegations contained in Paragraph 58 except admit that Plaintiff returned to work on December 14, 2012.

59. In response to Paragraph 59 of the Complaint, Defendants deny the allegations contained in Paragraph 59 except admit that Ms. Perez told Plaintiff that she was surprised to see her at work on December 14, 2012 and that she was not expecting her until December 17, 2012.

60. In response to Paragraph 60 of the Complaint, Defendants deny the allegations contained in Paragraph 60 except admit that Ms. Perez and Ms. Lang met with Plaintiff on December 14, 2012 and informed her that her employment was being terminated.

61. In response to Paragraph 61 of the Complaint, Defendants admit that when Ms. Lang and Ms. Perez met with Plaintiff on December 14, 2012, Plaintiff indicated that her most recent absence was due to illness and that she had submitted a doctor's note. Defendants further aver that Ms. Lang told Plaintiff that she was not questioning the legitimacy of Plaintiff's illness but that Crowell & Moring was terminating Plaintiff due to her failure to appropriately manage her APL time throughout the year. Defendants deny the remaining allegations in Paragraph 61.

62. In response to Paragraph 62 of the Complaint, Defendants deny the allegations contained in Paragraph 62 except admit that Plaintiff said there was not a policy in Crowell & Moring's employee handbook regarding termination for going over the APL limit.

63. Defendants deny the allegations contained in Paragraph 63.

64. In response to Paragraph 64 of the Complaint, Defendants admit that Ms. Perez and Ms. Lang did not tell Plaintiff that her two-day absence could be covered by FMLA.

65. Defendants deny the allegations contained in Paragraph 65.

## FIRST CLAIM
### Race Discrimination under Title VII against Defendant Crowell

66. Paragraph 66 of the Complaint incorporates the foregoing paragraphs of the Complaint, and no response is required. To the extent a response is required to Paragraph 66, Defendants incorporate their responses to Paragraphs 1-65 with the same force and effect as if fully set forth herein.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint and deny that Plaintiff is entitled to any damages or attorneys' fees.

## SECOND CLAIM
### Withholding of Benefits under the FMLA against All Defendants

71. Paragraph 71 of the Complaint incorporates the foregoing paragraphs of the Complaint, and no response is required. To the extent a response is required to Paragraph 71, Defendants incorporate their responses to Paragraphs 1-70 with the same force and effect as if fully set forth herein.

72. Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required to Paragraph 72, Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint and deny that Plaintiff is entitled to any damages or attorneys' fees.

## THIRD CLAIM
### Hostile Work Environment under the NYCHRL against All Defendants

75. Paragraph 75 of the Complaint incorporates the foregoing paragraphs of the Complaint, and no response is required. To the extent a response is required to Paragraph 75, Defendants incorporate their responses to Paragraphs 1-74 with the same force and effect as if fully set forth herein.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint and deny that Plaintiff is entitled to any damages or attorneys' fees.

## FOURTH CLAIM
### Race Discrimination under the NYCHRL against All Defendants

78. Paragraph 78 of the Complaint incorporates the foregoing paragraphs of the Complaint, and no response is required. To the extent a response is required to Paragraph 78, Defendants incorporate their responses to Paragraphs 1-77 with the same force and effect as if fully set forth herein.

79. Paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required to Paragraph 79, Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint and deny that Plaintiff is entitled to any damages or attorneys' fees.

## FIFTH CLAIM
### Disability Discrimination under the NYCHRL against All Defendants

82. Paragraph 82 of the Complaint incorporates the foregoing paragraphs of the Complaint, and no response is required. To the extent a response is required to Paragraph 82,

Defendants incorporate their responses to Paragraphs 1-81 with the same force and effect as if fully set forth herein.

83. Paragraph 83 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required to Paragraph 83, Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint and deny that Plaintiff is entitled to any damages or attorneys' fees.

The remainder of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny any wrongdoing and deny that the Plaintiff is entitled to any relief whatsoever.

All allegations in the Complaint not specifically admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses to the Complaint without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. Defendants reserve the right to amend or supplement these affirmative defenses and/or assert counterclaims that may become known during the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because the Complaint fails to state a claim against one or both Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has not asserted any claim for

which punitive damages may be awarded.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has not asserted any claim for which liquidated damages may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's FMLA claim fails because she was not eligible for FMLA leave.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because all actions by Defendants were based on legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, waiver, estoppel, and/or other equitable doctrines.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages, if any, as required by law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because the imposition of punitive or exemplary damages violates Defendants' right to due process, which is protected by the United States and New York Constitutions.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because she failed to properly exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to bringing this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they do not reasonably fall within the scope of any claims made in any administrative charge filed by the Plaintiff with the Equal Employment Opportunity Commission.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because her claims are time barred by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Ms. Perez fail, in whole or in part, because Ms. Perez is not subject to individual liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

### **DEFENDANTS' REQUESTED RELIEF**

WHEREFORE, Defendants respectfully request judgment:

A. Dismissing Plaintiff's Complaint in its entirety;

B. Denying Plaintiff's request for compensatory damages;

C. Denying Plaintiff's request for liquidated and/or punitive damages;

D. Denying Plaintiff's request for attorney's fees and costs;

E. Denying Plaintiff's request for any other relief;

F.	Awarding Defendants their costs and expenses incurred in defending against Plaintiff's claim including, without limitation, its reasonable attorneys' fees; and

G.	Awarding Defendants such other and further relief as this Court deems just and proper.


Respectfully submitted,


Dated:  May 9, 2014				 s/ James E. Kellett
	New York, New York			James E. Kellett
						CROWELL & MORING LLP
						590 Madison Avenue, 20th Floor
						New York, NY 10022-2544
						(212) 223-4000 (Phone)
						(212) 223-4134 (Fax)

						Counsel for Crowell & Moring LLP and
						Dibe Perez